# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

**TALINDA HALL** )
Individual, )  Case No. **02-CV-634-EA**
plaintiff )
)
v. )
) PLAINTIFF(S)'
**BRIEF.CONSOLIDATED STORES** ) 1st TRIAL BRIEF.
**CORPORATION, d.b.a. BIG LOTS,** )
corporation, defendant. )

Assigned Judge: The Honorable ___ Claire V. Eagan.

## PLAINTIFF'S FIRST TRIAL BRIEF.

Plaintiff, **TALINDA HALL** (hereinafter "TALINDA HALL" or "PLAINTIFF"), hereby submits her trial brief. Plaintiff's trial brief will cover three issues. These issues are (i) the amount of Title VII compensatory damages when BIG LOTS has caused plaintiff's emotional distress even though there are other causes of emotional distress, (ii) the jury instructions on Title VII front pay, (iii) the jury instructions on nominal damages, and learning curves. Plaintiff states:

*I. The burden of proof is on the defendant if the defendant wants to isolate the causes of PLAINTIFF(S)' current emotional distress.*

1. For their Title VII claims, PLAINTIFF(S) claimed that at least two of BIG LOTS' actions harmed her. Those two actions are: (i) BIG LOTS denial of its promised promotion to store manager; and (ii) BIG LOTS' continued pay discrimination where female assistant managers, including TALINDA HALL, were paid less than most male assistant managers.

2. PLAINTIFF(S) will testify that these two actions caused emotional distress and other injuries to TALINDA HALL.

Page 1    TLB    August 8, 2004

3. In addition, PLAINTIFF(S) will probably testify that there were other causes to the emotional distress PLAINTIFF(S) experienced while employed at BIG LOTS.

4. This the typical situation for a discrimination victim. No one has just one emotional stressor in his or her life.

5. In *McKinnon v. Kwong Wah Restaurant*, there was evidence of emotional stressors which existed prior to the sex harassment caused by the defendant. *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 506-07 (1st Cir. 1996). Concerning the amount of emotional distress damages under 42 USC §1981a when there is more than one emotional stressor in the life of the Title VII plaintiff, the 1st Circuit stated:

> The burden is on the [Title VII] defendant to establish a casual relationship between the prior emotional injury and the emotional distress damages claimed by the PLAINTIFF(S). If the court finds it impossible to apportion the damages, then the defendants are liable for the entire amount. *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 506-07 (1st Cir. 1996).

The rationale for this rule is that the wrongdoer, not the innocent victim, should bear any uncertainty in the determination of damages. To hold otherwise would deprive the innocent party of his or her "right to redress." *Summers v. Tice*, 199 P.2d 1, 5 (Cal. Supr. Ct. 1984); See also, *Price Waterhouse v. Hopkins*, 490 U.S. 228, 263-64, 104 L.Ed.2d 268, 296 (1989). Citing *2 J. Wigmore, Select Cases on the Law of Torts*, §153, p. 865 (1912).

6. The 10th Circuit recently adopted the *McKinnon v. Kwong Wah Restaurant* rationale in a federal civil rights case, *Northington v. Marin*, 102 F.3d 1564, 1568-69 (10th Cir. 1996). In *Northington v. Marin*, the 10th Circuit held that "a tortfeasor who cannot prove the extent to which the harm resulted from other concurrently causes is liable for the entire harm". The 8th Circuit also recently adopted the *McKinnon v. Kwong Wah Restaurant* rationale in a Title VII sex harassment case. *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1293-94 (8th Cir. 1997).

7. PLAINTIFF(S) would expect that her testimony to explain any multiple emotional stressors in PLAINTIFF(S)' life including the gender discriminationstressor caused by BIG LOTS.

8. PLAINTIFF(S) expect the defendant to object to any jury instruction based on the *McKinnon v. Kwong Wah Restaurant* rationale and multiple emotional stressors in a PLAINTIFF(S)' life.

9. Defendant's argument is based on a misunderstanding of the burden of proof. PLAINTIFF(S) are required to show two things, i.e., (i) that a significant factor in the cause of the emotional distress each plaintiff suffered is BIG LOTS' reckless indifference to the gender discrimination, and (ii) that the emotional distress each plaintiff suffered is not capable of division or apportionment.

10. The testimony of other witnesses is also evidence that supports the inference that BIG LOTS' actionable wrongs against PLAINTIFF(S) are a substantial factor in the cause of her emotional distress. Second, PLAINTIFF(S) expect there will not be any testimony or other evidence that the emotional distress PLAINTIFF(S) suffered is capable of division.

11. Thus BIG LOTS becomes liable for the entire emotional distress PLAINTIFF(S) suffered unless BIG LOTS meets its burden of proof on the division or apportionment of plaintiff's emotional distress to causes other than the actionable wrongs by BIG LOTS. See *Restatement (Second) Torts*, §433B, comment *Restatement (Second) Torts*, §433A comment i states:

> Where two or more causes combine to produce such a single result, incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm.

The Oklahoma Supreme Court has cited *Restatement (Second) Torts*, §433B with favor in *McKellips v. St. Francis Hospital, Inc.*, 741 P.2d 467, 472 n.16 (1987), and in *Lee v. Volkswagen of America, Inc.*, 688 P.2d 1283, 1289 (1984).

12. The rationale for this rule is that the wrongdoer, not the innocent victim, should bear any uncertainty in the determination of damages otherwise the innocent party would be deprived of his or her right to redress. *Summers v. Tice*, 199 P.2d 1, 5 (Cal. Supr. Ct. 1984).

13. In applying this principle, courts have frequently resorted to expert opinion. In *Walsh v. Snyder*, the Court reversed the trial court's exclusion of expert medical testimony on stress as a one of the causes of coronary heart disease. *Walsh v. Snyder*, 441 A.2d 365, 366-69 (Pa. Super. 1982). In *Martin v. Owens-Corning Fiberglas*, 528 A.2d 947, 950 (1987), the Supreme Court of Pennsylvania relied on expert medical testimony to prove asbestos exposure was a significant factor in the cause of plaintiff's lung disease and that it was not possible to separate the contribution of plaintiff's cigarette use and asbestos exposure as the causes of plaintiff's lung disease. Therefore the *Martin v. Owens-Corning Fiberglas* Court held that the asbestos manufacturer was liable for the whole lung disease disability of the plaintiff.

14. PLAINTIFF(S) has drafted her proposed jury instructions to include one based on the *McKinnon v. Kwong Wah Restaurant* rationale and BIG LOTS burden of proof when there are multiple emotional stressors in a plaintiff's life.


*II. The backpay/frontpay instruction for Title VII actions & the consequential damage instruction for Title VII and ¶1981 actions.*

15. PLAINTIFF(S) received compensation as employees of BIG LOTS.

16. When PLAINTIFF(S) was denied the promotion to store manager that went to Terry Neal, she lost that increased compensation. Likewise when plaintiff was systematically paid less than most male assistant managers Thus despite the

defendant's allegations that PLAINTIFF(S) did not suffer a loss of pay from gender discrimination, PLAINTIFF(S) did in fact lose compensation. Thus there is a need for a Title VII jury instruction for back pay and frontpay (assuming the Court lets the jury advise it on this equitable remedy) and for a Title VII jury instruction for past and future lost compensatory damages for this lost compensation.

17. PLAINTIFF(S) has drafted her proposed jury instructions accordingly.

*III. The required nominal damage instruction for Title VII actions.*

18. If a plaintiff's civil rights are violated, but no actual damages are proved, plaintiff must be awarded nominal damages. See *Barber v. T. D. Williamson, Inc.*,___ F.3d (10th Cir. 2001) (affirmed that nominal damages must be awarded in Title VII action where an race based hostile environment was found but the jury did not award actual damages); See also *Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001) (explained the effect of the 1991 enactment of 42 USC §1981a in Title VII actions to allow actual and nominal damages); *Gudenkauf v. Stauffer Comm., Inc.*, 158 F.3d 1074 (10th Cir. 1998). If jury fails to award nominal damages when required to do so, the trial court must augment jury award with required nominal damages before entry of judgment. *Robinson v. Cattaraugus County*, 147 F.3d 153, 162 (2nd Cir. 1998).

19. PLAINTIFF(S) has drafted her proposed jury instructions accordingly.

IN CONCLUSION, the PLAINTIFF(S) pray for this Court to shift the burden of proof to BIG LOTS, the wrongdoer in this case, for apportionment or division of PLAINTIFF(S)' emotional distress damages between or among actionable and nonactionable injuries the emotional distress has caused. If BIG LOTS cannot provide evidence of a logical and nonarbitrary method of dividing or apportioning PLAINTIFF(S)' emotional distress injuries, that BIG LOTS is liable for all of the emotional distress endured by PLAINTIFF(S). In addition, the PLAINTIFF(S) pray for this Court to

adopt PLAINTIFF(S)' proposed jury instructions on front pay, future pecuniary loss, and nominal damages.

Respectfully submitted by plaintiff(s),

_/s/ Thomas Bright_____
[Original signed by Thomas L. Bright]
CO-COUNSEL FOR PLAINTIFF(S)
P.O. Box 182066
Arlington, TX 76096
(817-466-4310)
OBA# 001131, and/or

_____
[Original signed by Catherine G. Cooper]
CO-COUNSEL FOR PLAINTIFF(S)
406 South Boulder, Suite 400
Tulsa, OK 74103
(918-599-7737; fax 582-6106).
OBA# 003288, and/or

_____
[Original signed by Robert Coffey]
CO-COUNSEL FOR PLAINTIFF(S)
1925 S. Boston
Tulsa, OK 74119
(918-582-1249).
OBA# 017001.

## CERTIFICATE OF SERVICE

The undersigned certifies that on or about  Aug 9 , 2004, a copy of the foregoing document was emailed, hand delivered or alternatively, mailed, first class, postage prepaid, to defendant(s) or counsel for defendant(s) at the following address:

| DEFENDANT'S COUNSEL: | DEFENDANT'S COUNSEL: |
|---|---|
| JO ANNE DEATON, OBA # 5938<br>RHODES HIERONYMOUS<br>P.O. BOX 2100<br>Tulsa, OK 74121-1100<br>(918) 582-1173, and/or | DAVID A. SCOTT, TBA # 17894515<br>RACHEL D. ZIOLKOWSKI, TBA # 24003234<br>JACKSON LEWIS LLP<br>3811 Turtle Creek, Suite 500<br>Dallas, TX 75219<br>(214-520-2400) |

Respectfully submitted by plaintiff(s),

_/s/ Thomas Bright_____
[Original signed by Thomas L. Bright]
CO-COUNSEL FOR PLAINTIFF(S)
and/or

_____
[Original signed by Catherine G. Cooper]
CO-COUNSEL FOR PLAINTIFF(S)
and/or

_____
[Original signed by Robert Coffey]
CO-COUNSEL FOR PLAINTIFF(S)